## CHARLES C. DUNCAN AND OTHERS, *v.* THE GREAT WESTERN INSURANCE COMPANY.

*Insurance—Vessel fatally injured—Loss dates when.*

The loss of a vessel insured is to date from the time she received her fatal injury, and after which it was impossible to save her.

BOOKES, J.—This is an appeal from the judgment of the Superior Court of the city of New York.

The action was brought on a marine policy, issued by the Defendants on the ship Adriana, of Bath, for $8,000 for one year from April 1st, 1856. The policy was obtained by C. C. Duncan, " on account of whom it might concern, in case of loss to be paid to them." On the 12th April the vessel sailed from the port of New York, bound to San Francisco, her first place of destination, with a cargo of coal. She was then in good condition and well manned. On the 16th, and also on the 18th of the same month, she encountered storms and severe gales, with squalls of wind, which strained upon her seams and wood-ends, producing openings and causing leaks, which injuries resulted in her total loss. By great exertion of the master and crew she was kept afloat until the 5th of May, when she was abandoned in a sinking condition, and immediately went down. At the time of the inception of the risk, the Plaintiffs were all interested in the vessel, part as owners—their interest being subject to mortgage liens—and part as mortgagees; and no change in the ownership occurred until after the vessel received its fatal injury, nor, indeed, until she sank, except that on the 24th April, three of the Plaintiffs, Daniel Crocker, William D. Crocker, and Theodore Ripley, executed and delivered a bill of sale of their interest—being one-fourth part—to Kendall and Richardson, who are not parties to the action. Proofs of loss and interest were duly presented to the Defendants for and in behalf of the owners, but no demand was made by or in behalf of the mortgagees before suit. On the trial, the Defendants

admitted their liability for three-fourths of the loss and claim, but defended as to the remaining fourth, solely on the ground that there had been a change of interest as to this fourth, after the inception of the policy, and before the loss occurred. On the question of fact the jury found specially, that the vessel received a fatal injury prior to the 24th April—the time of transfer of the one-fourth—which caused her subsequent loss, by sinking, on the 5th of May. The Superior Court directed judgment against the Defendants for the whole claim, holding that in legal construction the loss occurred prior to the transfer of the one-fourth of the vessel, on the 24th April.

Accepting the facts to be as proved and found—that the vessel had received a fatal injury prior to the 24th April; that after such injury she was a mere wreck, kept afloat by the utmost exertion of the master and crew, unable to proceed on her voyage, or indeed to make headway toward any port, save under the most favorable circumstances of wind and tide—and the judgment of the Court below was obviously right.

As the case comes before us, we must regard these facts as definitely and conclusively established. Immediately after the injury was apparent, the vessel was directed toward the nearest accessible port; and although changes were afterward made in the direction, they were deemed necessary by reason of the shifting of the wind and the extremely hazardous condition of the ship; and notwithstanding the exercise of the utmost prudence, and after exhausting efforts from all on board, she sank at sea. The loss should, therefore, be deemed effectual and certain from the time the vessel was so injured and crippled as that her destruction became inevitable; and in this case the claim for damage must be deemed to have attached when the injury was received which ultimately, and before she could be brought to port, caused the destruction of the vessel (John. Ca. 16; 7 Ohio, 284; Phil. on Ins., pp. 685–86; Arnould on Ins. 1000–1004). The sale of the one-fourth on the 24th April to Kendall and Richardson, the vessel then being a mere wreck, on the supposition and understanding of the parties that she was seaworthy, was of no force

as a contract of sale.   If the consideration was unpaid, it could not be recovered; or, if paid, could be recovered back.

In my opinion the Superior Court ruled correctly in holding that the Defendants were liable for the full amount of the insurance, and the judgment appealed from should be affirmed with costs.